## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS STACKHOUSE
311 N. Caldwell Cir.
Downington, PA 19335

              Plaintiff,                                Case No.

      v.

PIPELINE PLASTICS, INC.
901 Camaro Run Drive
West Chester, PA 19380

and

RICHARD T. MCMAHON
901 Camaro Run Drive
West Chester, PA 19380

              Defendants.

## COMPLAINT

Plaintiff Thomas Stackhouse ("Plaintiff"), through his undersigned counsel and for his Complaint against Pipeline Plastics, Inc. ("Pipeline") and Richard T. McMahon ("McMahon") (collectively "Defendants"), hereby states as follows:

## INTRODUCTION

1.     This is an action for damages, injunctive relief, and for a declaratory judgment against Defendants for violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq., the Pennsylvania Minimum Wage Act 43 P.S. §§ 333.101 – 333.115 ("PMWA"), and the Pennsylvania Wage Payment Collection Law, 43 P.S. §§260.1 – 260.45 ("WPCL") as a result of Defendants' willful wage theft resulting from their failure to pay Plaintiff for numerous hours

worked on their behalf without compensation much less the overtime premium compensation to which he was entitled.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, as it is a law of the United States.

3.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to his FLSA claims that they form part of the same case or controversy.

4.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to the claims occurred in this District.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff Thomas Stackhouse is an adult individual residing in Downingtown, Pennsylvania and a non-exempt, former employee of Defendants.

7.      Defendant Pipeline Plastics, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in West Chester, Pennsylvania.

8.      Pipeline is in the business of selling and distributing thermoplastic pipe, valves, fittings, and related products to builders, general contractors, and other tradesman involved in the building, plumbing, and construction industry.

9.      Pursuant to 29 U.S.C. § 203(d), an "Employer" under the FLSA includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."

10.     Pursuant to 43 P.S. § 333.103, "Employer" includes any individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employee.

11.     Pursuant to 43 P.S. § 260.2a, "Employer" includes every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth.

12.     Defendant Richard T. McMahon is the President of Pipeline and exercised supervisory authority over the company's employees (including Plaintiff), established the company's payroll policies, executed those payroll policies, and made decisions concerning the company's day-to-day operations.  Such day-to-day operating decisions included such items as hiring, firing, compensation decisions, and, as noted above, payroll policies.

13.     Given the control he exercised over Pipeline and its employees, including Plaintiff, McMahon was also Plaintiff's employer within the meaning of the FLSA, PMWA, and WPCL.

## FACTS COMMON TO ALL COUNTS

14.     Defendants hired Plaintiff as a truck driver and forklift operator in October 2001, and he was offered an initial annual salary of $50,000 per year.

15.     At the termination of his employment, Plaintiff was paid an annual salary of approximately $56,100 per year, excluding bonus compensation.

16.     Plaintiff does not possess a commercial driver's license and was not required to have one to operate Defendants' delivery truck, pickup truck, or forklift.

17.     In or about 2010 or 2011, Defendants hired McMahon's nephew, Jack McKeever, to make deliveries for them in Pipeline's larger, stake body, truck.  Thereafter, Plaintiff made deliveries in Pipeline's Ford F-150 pickup truck, and also worked at the sales counter making sales

to Pipeline's customers. In addition, Plaintiff would re-stock supplies as needed, work on placing and filling orders, and performing other labor-intensive tasks as directed by Defendants.

18.     Plaintiff's position with Defendants was not exempt from the minimum wage and overtime requirements of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206, 207 or under the PMWA because Plaintiff had no supervisory authority, his primary duties revolved around physical labor and production work on behalf of Defendants, and no exemption expressly applies to the work Plaintiff performed on Defendants' behalf.

19.     Plaintiff worked for Defendants as a non-exempt employee within the meaning FLSA, PMWA, and WPCL during the statutory periods for bringing a cause of action under the terms of those acts.

20.     Defendants did not make any effort to track, or require Plaintiff to track, the hours Plaintiff worked on their behalf, except on Saturdays.

21.     Plaintiff was not asked to punch a time clock or fill out time sheets to track the hours he worked for Defendants.

22.     Pursuant to 29 C.F.R. Part 516, Defendants are required to possess and maintain Plaintiffs' time sheets and other accurate records related to its employees' hours worked.

23.     Plaintiff was never advised of his rights to compensation for all hours worked on behalf of Defendants, to his right to a regular pay day, or any other employment rights he possessed as required by state and federal law.

24.     Defendants did not otherwise advise Plaintiff of his rights to compensation and overtime compensation under the FLSA, PMWA, WPCL, and other applicable law.

25.     Defendants did not post any notices related to the FLSA, PMWA, or the WPCL in any buildings or areas in which Plaintiff worked for Defendants.

26.     Generally, from January 1 to February 28 of each year, Plaintiff worked from 7:30 a.m. to 4:00 p.m., Monday through Friday, with a half hour lunch break.

27.     Generally, from March 1 to May 31 of each year, Plaintiff worked from 7:30 a.m. to 4:30 p.m., Monday through Friday with a half hour break for lunch.  In addition, on Saturdays, Plaintiff worked from 8:00 a.m. to 12:00 p.m. and was paid a flat amount of $100 for his work that day.

28.     From March 1 to May 31 of each year of his employment, Plaintiff worked at least 46.5 hours during each work week.

29.     Generally, from June 1 to November 30 of each year, Plaintiff worked from 7:30 a.m. to 4:30 p.m., Monday through Friday with a half hour for lunch break.

30.     From June 1 to November 1 of each year of his employment, Plaintiff worked at least 42.5 hours during each work week.

31.     Generally, from December 1 to December 31 of each year, Plaintiff worked from 7:30 a.m. to 4:00 p.m., Monday through Friday with a half hour for lunch break.

32.     Depending on the time of the year and the year of employment in question, Plaintiff's regular hourly rate of pay fluctuated.

33.     At no point in time during the course of his employment, however, was plaintiff paid overtime at the rate of one- and one-half times his regular hourly rate of pay for those hours worked in excess of 40 hours per week.  Indeed, for example, in those weeks in which Plaintiff worked a Saturday, he received a flat $100 for four hours of pay, which translates to $25.00 per hour, and which would have been less than Plaintiff's hourly rate of pay at 40 hours per week when he was paid an annual salary of $50,000 ($50,000 ÷ 52 weeks ÷ 40 hours per week = $24.04 per hour).

Case 2:19-cv-00188-WB   Document 1   Filed 01/14/19   Page 6 of 11

34.     Defendants maintained and exhibited a uniform policy, pattern and practice of willfully failing to pay Plaintiff for all hours worked, and also did not pay him the legally required amount of overtime compensation in an amount required by law and on a timely basis in violation of the FLSA, PMWA, and the WPCL.

35.     Defendants have thus intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, PMWA, and WPCL with respect to the Plaintiff. This policy, pattern, and/or practice includes, but is not limited to willfully failing to pay Plaintiff for all hours up to 40 per week, and overtime wages of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per week.

36.     Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA, PMWA, and the WPCL.

37.     Defendants' failure to comply with the FLSA, PMWA, and the WPCL was willful and caused Plaintiff to suffer lost wages and interest thereon.

38.     Defendants' unlawful conduct has been widespread, repeated, and consistent over the course of many years.

39.     Defendants unlawfully terminated Plaintiff on the basis of his age on July 16, 2018.

**COUNT I**
**VIOLATION OF THE FLSA**

40.     Plaintiff repeats, reaffirms, and realleges paragraphs 1 through 39 of the Complaint as if they were fully restated at length herein.

41.     The FLSA requires, pursuant to 29 U.S.C. § 206, that all employers pay their non-exempt employees at least a minimum wage for all hours worked.

6

42.     The FLSA requires, pursuant to 29 U.S.C. § 207, that non-exempt employees be compensated at one and a half times their regular hourly rate of pay for all hours worked in excess of forty hours per week.

43.     Plaintiff, by virtue of his position and job duties, was a non-exempt employee.

44.     By failing to pay Plaintiff his regular hourly rate, for all hours worked on their behalf, Defendants have violated the FLSA.

45.     Defendants' failure to pay Plaintiff the overtime compensation to which he is entitled is a violation of the FLSA.

46.     Any statute of limitations applicable to Defendants' violations of the FLSA is equitably tolled as a result of its deceptive and misleading efforts to compensate Plaintiff and its failure to provide him with notice of his right to compensation for all hours worked in accordance with the FLSA and other applicable law.

47.     As a result of Defendants' violation of the FLSA, there is now a sum due and owing from them in an amount to be determined at trial.

48.     Defendants' violation of the FLSA has been willful.

49.     As a result of Defendants' violation of the FLSA, Plaintiff is entitled to all wages due and owing, an equal amount as liquidated damages, his costs, and his reasonable attorneys' fees, all in an amount to be determined at trial. *See* 29 U.S.C. § 216.

## COUNT II
## VIOLATION OF THE PMWA

50.     Plaintiff repeats, reaffirms, and realleges paragraphs 1 through 49 of the Complaint as if they were fully restated at length herein.

51.     The PMWA requires, pursuant to 43 P.S. § 333.104, that all employers pay their employees at least a minimum wage for all hours worked.

52.     The PMWA requires, pursuant to 43 P.S. § 333.104(c), that non-exempt employees be compensated at one and a half times their regular hourly rate of pay for all hours worked in excess of forty hours per week.

53.     Plaintiff, by virtue of his position and job duties, was a non-exempt employee within the meaning of the PMWA.

54.     By failing to pay Plaintiff his regular hourly rate, for all hours worked on their behalf Defendants have violated the PMWA.

55.     Defendants' failure to pay Plaintiff the overtime compensation to which he is entitled is a violation of the PMWA.

56.     Any statute of limitations applicable to Defendants' violations of the PMWA is equitably tolled as a result of its deceptive and misleading efforts to compensate Plaintiff and its failure to provide him with notice of his right to compensation for all hours worked in accordance with the PMWA and other applicable law.

57.     As a result of Defendants' violation of the PMWA, there is now a sum due and owing from them in an amount to be determined at trial.

58.     Defendants' violation of the PMWA has been willful.

59.     As a result of Defendants' violation of the PMWA, Plaintiff is entitled to all wages due and owing, liquidated damages, his costs, and his reasonable attorneys' fees, all in an amount to be determined at trial.  *See* 43 P.S. § 333.113.

### COUNT III
### VIOLATION OF THE WPCL

60.     Plaintiff repeats, reaffirms, and realleges paragraphs 1 through 59 of the Complaint as if they were fully restated at length herein.

61.   At all relevant times, Plaintiff was employed by Defendants within the meaning of the WPCL.

62.   Defendants entered in to an oral at-will contract of employment in which Defendants agreed to compensate Plaintiff for his services.

63.   Defendants had a contractual and legal obligation to compensate Plaintiff in accordance with all laws and regulations, including the PMWA and FLSA.

64.   Pursuant to the WPCL, every employer shall pay all wages, other than fringe benefits and wage supplements, due to its employees on regular paydays designated in advance by the employer.

65.   By repeatedly and unjustifiably failing to pay Plaintiff the wages owed to him as alleged herein, Defendants have violated the WPCL.

66.   Pursuant to the WPCL, any employee to whom any type of wage is payable may institute an action under the WPCL to recover unpaid wages, fringe benefits, and liquidated damages, as well as costs and reasonable attorneys' fees, in any court of competent jurisdiction for and on behalf of himself. 43 P.S. §§ 260.9a, 260.10.

67.   Defendants are thus liable to Plaintiff for all wages owed, fringe benefits, liquidated damages as permitted in 43 P.S. §§ 260.9a and 260.10, his costs, and reasonable attorneys' fees.

68.   Any statute of limitations applicable Defendants' violations of the WPCL is equitably tolled as a result of its deceptive and misleading efforts to compensate Plaintiff, and its failure to provide him with notice of his right to compensation for all hours worked and his regularly scheduled pay days in accordance with the WPCL and other applicable law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that the Court grant him the following relief against Defendants, jointly and severally:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the PMWA, and the WPCL;

d. An injunction requiring Defendants to cease its unlawful practices under, and comply with, the FLSA, PMWA, and WPCL;

e. An award of unpaid wages to Plaintiff at his regular rate of pay for those hours worked up to 40 hours per week;

f. An award of overtime wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half time the regular rate of pay due under the FLSA and the PMWA;

g. An award of liquidated damages as a result of Defendants willful violation of the FLSA pursuant to 29 U.S.C. § 216 and/or Pennsylvania law;

h. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

i. An award of prejudgment and post-judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' fees and costs; and

k. Such other and further relief as this Court deems just and proper.:

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

Adam Harrison Garner (Bar I.D. 320476)
The Garner Firm, Ltd.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 645-5955 (Tel)
(215) 645-5960 (Fax)
adam@garnerltd.com

*Attorney for Plaintiff*

Dated: January 14, 2018